

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JPM:DEL/GP                                    *271 Cadman Plaza East*
F. #2020R00580                                *Brooklyn, New York 11201*

August 8, 2023

<u>By ECF</u>

The Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Yu et al.
               <u>Criminal Docket No. 22-208 (CBA)</u>

Dear Judge Amon:

        The government respectfully submits this letter to supplement its July 28, 2023 memorandum of law in support of its motion <u>in limine</u> (hereinafter the "404(b) Motion"). Since filing the 404(b) Motion, the government has learned of a second instance in which the defendant Allen Yu attempted to have U.S. immigration authorities take actions adverse to victim Xin "Chris" Gu's new company. As previously briefed, such evidence of Yu's motive to harm Gu is highly relevant to for the charged murder. This letter briefly sets forth the additional evidence that the government intends to elicit about this second immigration-related incident.

        In the 404(b) Motion, the government described that after Allen Yu learned that an Amaco employee was going to join Chris Gu's new company in the fall of 2018, Yu sent a letter to U.S. Citizenship and Immigration Services ("USCIS") to effectively terminate that departing employee's work visa.

        Earlier this week, following a trial preparation interview of a second individual who also cut ties with Amaco to work for Chris Gu's company (hereinafter, the "Witness"), the government learned of a second attempt by Allen Yu to contact immigration concerning the Witness. The Witness described being detained by U.S. immigration authorities in the fall of 2018, near the time that Allen Yu had sent the above-described letter to USCIS. Law enforcement agents then identified in Allen Yu's cellular phone records emails indicating that Allen Yu had contacted U.S. Immigration and Customs Enforcement ("ICE") about the Witness on September 5 and 15, 2018. In an email dated September 5, 2018, Yu notified ICE that the Witness had a deportation order. Specifically, Yu wrote: "I just noticed someone I know has a deportation order. So I think it is better to report that. His name and address as below. Also, his

wife . . . is currently applying for the asylum, and all her application document is fake." See Exhibit A (filed under seal).[1] Yu then included the contractor's full name and address.

Ten days later, on September 15, 2018, Allen Yu sent a second email about the Witness to an ICE officer attaching the Witness' picture and notifying the agent of Witness' license plate number. Yu wrote in this email: "This guy was taking our company over 1 million assets, almost causing our company bankrupt, and 50 people might lost job. Please let me know if you need any other documents." See Exhibit A.

As previously briefed, these emails are further evidence that when Allen Yu learned Chris Gu was leaving Amaco to start a rival company, Allen Yu attempted to destroy Chris Gu's new company. These emails, like the other evidence described in the government's motion, is highly probative evidence that Allen Yu sought to harm Chris Gu, ultimately hiring men to kill him. The evidence of escalating hostility by Allen Yu is foremost direct evidence of the charged offenses because it clearly demonstrates Yu's motive and planning to harm Gu. See ECF No. 136 at 11-13; see also id. at 12 (citing cases in which courts have admitted similar motive evidence).

Accordingly, for the same reasons articulated in the 404(b) Motion, evidence of this second immigration-related incident should be admitted as evidence of Allen Yu's motive to harm Chris Gu and to provide the jury full and essential background for Gu's murder.

Respectfully submitted,

BREON PEACE
United States Attorney

By:        /s/
Devon E. Lash
Gabriel Park
Assistant U.S. Attorneys
(718) 254-6099

Enclosure

cc:    Clerk of Court (CBA) (By ECF)
       Defense Counsel (By ECF and E-mail)

---

[1]    The government respectfully requests that Exhibit A be filed under seal, given that it identifies personal information, including a home address, of a civilian witness. The risk to the safety of these witnesses outweighs the public's right to disclosure. United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect the integrity of an ongoing investigation, including the safety of witnesses, may be compelling reason to justify sealing).